UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:13-CR-40-TLS |
| | ) | |
| DEANGELO COPELAND | ) | |

**OPINION AND ORDER**

The Defendant, Deangelo Copeland, pled guilty to two counts of a two-count Indictment. Count 1 charged Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2; Count 2 charged Carrying and Using a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 139], filed by the Defendant, pro se, on April 22, 2016. The Defendant argues that his counsel rendered ineffective assistance in connection with the § 924(c) offense and supervised release. He also maintains that his conviction under § 924(c) violates due process in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Defendant requests an evidentiary hearing. The Government argues that the Defendant waived his right to collaterally attack his sentence as part of the Plea Agreement that he voluntarily entered with the Government, and that his Motion is untimely. Additionally, the Government maintains that, even after the *Johnson* decision, armed bank robbery is still a crime of violence. The Defendant, now represented by counsel, has filed a reply brief.

For the reasons set forth in this Opinion and Order, the Court denies the Defendant's Motion. In addition, the Court declines to issue a certificate of appealability.

## PROCEDURAL BACKGROUND

A written Plea Agreement between the Government and the Defendant was filed with the Court on November 13, 2013. According to the Plea Agreement, the Defendant agreed to enter a plea of guilty to Counts 1 and 2 of the Indictment. The Agreement contained a waiver of appellate rights:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed, I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence, or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to the negotiation of this plea agreement, including any appeal under Title 18, United States Code, Section § 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Plea Agreement ¶ 8.e., ECF No. 71.) In paragraph 12, the Defendant declared that he was offering his "plea of guilty freely and voluntarily and of [his] own accord," that "no promises ha[d] been made to [him] other than those contained in this [plea] agreement," and he was not "threatened in any way by anyone to cause [him] to plead guilty in accordance with this agreement."

The Court referred the matter to Magistrate Judge Roger Cosbey to conduct a plea hearing to determine whether the Defendant was competent to enter a plea, the Defendant knowingly and voluntarily wished to enter a guilty plea, the Defendant understood the charges against him, and there existed a factual basis for the charges. On December 9, 2013, the Magistrate Judge conducted a change of plea hearing. After the hearing, the Magistrate Judge

issued Findings and Recommendation [ECF No. 84], finding that the Defendant understood the nature of the charges against him, understood the rights he was giving up by pleading guilty, understood the possible sentences he could receive, was pleading guilty knowingly and voluntarily, was competent to plead guilty, understood his answers could be used against him later in a prosecution for perjury or false statement, and that there was a factual basis for the plea. The Magistrate Judge recommended that the Court accept the Defendant's plea of guilty. No party filed objections to the Findings and Recommendation, and the Court, on December 27, accepted the recommended disposition, adjudged the Defendant guilty of Counts 1 and 2 of the Indictment, and set the matter for sentencing.

On March 26, 2014, the Court conducted a sentencing hearing. The Court sentenced the Defendant to 51 months of imprisonment for Count 1, and imposed a 60-month consecutive sentence for Count 2. The Court also imposed two years of supervised release.

## ANALYSIS

The Defendant was sentenced in March 2014. He filed his Motion to Vacate in April 2016. A one-year statute of limitations applies to all federal habeas petitions. 28 U.S.C. § 2255(f). However, to the extent the Defendant raises a claim under the Supreme Court's decision in *Johnson*, which is retroactively applicable to cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) (*Johnson* announced a new substantive rule which applies retroactively on collateral review), the claim is timely. Because the Court concludes that the Defendant is not

3

entitled to relief in any event, it decides the case on that basis rather than on the potential untimeliness of the claims.

A plea agreement is a type of contract subject to contract law principles tempered by limits that the Constitution places on the criminal process. *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). Courts "enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008) (quotation marks and citation omitted). "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as a part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) (citing *Jones v. United States*, 167 F.3d 1142, 1144–45 (7th Cir. 1999)).

Here, the Defendant's waivers of his right to appeal and his right to collaterally attack his conviction and sentence, "including but not limited to, a proceeding under Title 28, United States Code, Section 2255" (Plea Agreement ¶ 8.e), are express and unambiguous. The waiver cites to the precise provision of the United States Code the Defendant is attempting to use to challenge his conviction and sentence. The Seventh Circuit has "generally upheld and enforced these waivers, with limited exceptions for cases in which the plea agreement was involuntary, the district court 'relied on a constitutionally impermissible factor (such as race),' the 'sentence exceeded the statutory maximum,' or the defendant claims 'ineffective assistance of counsel in connection with the negotiation of [the plea] agreement.'" *Keller*, 657 F.3d at 681 (quoting *Jones*, 167 F.3d at 1144–45).

The Defendant does not allege that the Court relied on impermissible factors, such as his

4

race, in selecting his sentence, or that he was sentenced in excess of the statutory maximum for the offenses of conviction. Nor does he suggest that the Plea Agreement was involuntary. During his plea colloquy with the Magistrate Judge, the Defendant confirmed that he had an opportunity to read and discuss the Plea Agreement before he signed it. The court inquired further:

> THE COURT: Do you understand the terms of the plea agreement?
> THE DEFENDANT: Yes.
> THE COURT: Is there anything in this plea agreement you do not understand?
> THE DEFENDANT: No.
> THE COURT: Mr. Copeland, has anyone made any promise or assurance that is not in the plea agreement to persuade you to accept the agreement?
> THE DEFENDANT: No.
> THE COURT: Are there any side agreements that are not stated in the plea agreement?
> THE DEFENDANT: No.
> THE COURT: Has anyone threatened you in any way to persuade you to accept this agreement?
> THE DEFENDANT: No.

(Plea Hr'g Tr. 9–10, ECF No. 154.) The Magistrate Judge went on to discuss specific terms of the Plea Agreement, including the waiver.

> THE COURT: Do you understand that in your plea agreement with the Government, you agree that after you plead guilty, you will have no right to appeal or contest your conviction, any component of your sentence, or the manner in which your conviction or sentence was determined or imposed?
> THE DEFENDANT: Yeah.

(*Id.* at 12.) The Defendant affirmed the same understanding regarding the waiver of a collateral attack. (*Id.*; *see also id.* at 17.) The Magistrate Judge also confirmed that the Defendant understood the possible penalties he faced, including supervised release terms. (*Id.* at 14–15.)

A defendant's statements made during a plea colloquy are generally accorded a presumption of verity. *United States v. Pike*, 211 F.3d 385, 389 (7th Cir. 2000). The Defendant's statements during the plea colloquy concerning his understanding of the appellate waiver, as well

5

as his statements that he was pleading guilty of his own free will and that no one had forced him to plead, threatened him, or made any promises that were not part of the Plea Agreement, all support the conclusion that he entered a knowing and voluntary waiver of his right to collaterally attack the sentence.

With this knowing and voluntary waiver, the Defendant is barred from collaterally attacking his sentence, save for any claims that relate to the negotiation of his Plea Agreement. The Defendant's argument is that his lawyer did not advise him regarding what proof was necessary to obtain a § 924(c) conviction, and that "there was no evidence that [the Defendant] possessed or carried any weapons or that he knowingly knew that any weapons were present." (Mot. 5, ECF No. 140.) The Defendant also claims that his conviction under § 924(c) violates due process because the clause is unconstitutionally vague in light of *Johnson*.

If what the Defendant is arguing is that the validity of his waiver depends on the validity of his § 924(c) conviction, that argument has been rejected as "entirely circular." *United States v. Worthen*, No. 15-3521, 2016 WL 6936553, at *2 (7th Cir. Nov. 28, 2016) (holding that appellate waivers would "lose all effect" if the rule was that "an appeal waiver is enforceable unless the appellant would succeed on the merits of his appeal"). In any event, the Defendant admitted that he had a gun during the attempted robbery, and that he was pretty sure his co-defendant had his gun as well. (Plea Hr'g Tr. 25–27.) The due process claim is without merit because bank robbery under § 2113(a) and (d) is a crime of violence under § 924(c)'s elements clause. *See United States v. Armour*, 840 F.3d 904, 908–09 (7th Cir. 2016). The Defendant's conviction does not implicate § 924(c)'s residual clause.

The Defendant also claims that his counsel should have objected to the length of his

supervised release, as well as the conditions of supervised release. This argument has nothing to do with the negotiation of his plea agreement or with waiving his right to bring post conviction motions. Accordingly, it is barred by the waiver. *See, e.g.*, *Bridgeman v. United States*, 229 F.3d 589, 592–93 (7th Cir. 2000) (stating ineffective assistance of counsel claims that relate to anything other than plea negotiation, for example, those related to counsel's performance at sentencing, are barred by an enforceable waiver); *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000) (finding that because the defendant's ineffective assistance of counsel claim related only to counsel's performance with respect to sentencing, it had nothing to do with the issue of a deficient negotiation of the waiver and was barred by a waiver).

An evidentiary hearing is not required if "the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. After reviewing the Defendant's Motion and the record of this case, the Court concludes that the factual and legal issues raised can be resolved on the record, so no hearing is necessary. *See Menzer v. United States*, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where the 'record conclusively demonstrates that a defendant is entitled to no relief on his § 2255 motion") (quoting *Politte v. United States*, 852 F.2d 924, 931 (7th Cir. 1998)). Additionally, the Court find that Federal Rule of Civil Procedure 55, which the Defendant invokes in a Motion for Default Judgment [ECF No. 164], has no application to this criminal matter.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). Where the district court has rejected the constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. A defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (stating that the question is the "debatability of the underlying constitutional claim, not the resolution of that debate"). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. Here, no additional argument is necessary because no reasonable jurist could conclude that the Defendant did not knowingly and voluntarily plead guilty pursuant to a Plea Agreement that contained an express waiver of the right to collaterally attack his conviction or sentence. The Court will not issue the Defendant a certificate of appealability.

**CONCLUSION**

For the reasons stated above, the Court DENIES the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 139]. The Court also DENIES the Defendant's Motion for Default Judgment Pursuant to Federal Rules of Civil Procedure 55 [ECF No. 164]. The Court does not issue a certificate of appealability. If the Defendant wishes to appeal this Court's ruling, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

SO ORDERED on December 12, 2016.

                                               s/ Theresa L. Springmann
                                               THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT